1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

PHILLIP F. ROBINSON,                     CASE NO. C11-2177JLR

11                Plaintiff,               ORDER DENYING SUMMARY
                                           JUDGMENT
12      v.

13  PACIFIC MARITIME
    ASSOCIATION,
14
                Defendant.
15

## I.   INTRODUCTION

16
        Before the court are *pro se* Plaintiff Phillip F. Robinson's two motions (First Mot.

17
(Dkt. #19); Second Mot. (Dkt. # 20)), which the court construes as a single motion for

18
summary judgment against Defendant Pacific Maritime Association ("PMA").[1]  Having

19
considered the motion, the parties' submissions filed in support and opposition thereto,

20

21
        [1]Mr. Robinson should take note that CR 7(e)(3) specifically bars the filing of multiple
22  dispositive motions.  However, given that Mr. Robinson is *pro se,* the court will liberally
    construe the two filed motions as a single motion.

ORDER- 1

1 | the applicable law, and being fully advised, the court DENIES the motion. (Dkt. ##19,

2 | 20.)

3 | ## II.   BACKGROUND

4 | This case involves an employment discrimination claim by a longshoreman

5 | against his employer. Mr. Robinson, the Plaintiff, alleges that he was discriminated

6 | against on the basis of a disability resulting from an on-the-job injury and that, as a result,

7 | he was held back in his long-term career advancement to his severe detriment.[2] (*See*

8 | *generally* Compl.)

9 | Mr. Robinson began his career as a longshoreman in 1995. (First Mot. at 5.) He

10 | eventually rose to the rank of "identified casual," which gave him priority in selection of

11 | jobs and put him on track to become a "level A-registered longshore worker," the most

12 | senior rank in the hierarchy. (*Id.*) However, in 1999 Mr. Robinson injured his back and

13 | took time off to heal. (*Id.*) Because of his time off from work, Mr. Robinson was

14 | required to submit a note from his doctor excusing his absence. (*Id.*) Mr. Robinson

15 | alleges that he submitted the required note in October of 1999. (*Id.*) However, on March

16 | 16, 2000, Mr. Robinson received notice that he had been removed from the "identified

17 | casual" list for failing to provide the note in a timely manner. (*Id.*) The notice provided

18 | _____

19 | [2]This action was originally filed on a form intended to be used to allege discrimination under Title VII of the Civil Rights Act of 1964. (*See* Compl. (Dkt. # 1).) However, disability

20 | discrimination is not covered under Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C § 2000e-2. Because Mr. Robinson is a *pro se* litigant, the court construes his filing liberally. *See*

21 | *Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe *pro se* pleadings liberally, including *pro se* motions[.]"). Therefore, the court construes his action as

22 | a wrongful employment discrimination claim brought under the Americans with Disabilities Act ("ADA"). (*See* Compl.); 42 U.S.C. § 12111.

1   him an opportunity to again submit a doctor's note to cover his absence prior to "the next

2   quarterly review." (*Id.*) The date for the next quarterly review was not provided. (*Id.*)

3   Mr. Robinson then submitted a "duplicate of [the] original doctor's statement, a new

4   doctor's statement and a letter" explaining that the original statement was filed on time.

5   (*Id.*) Apparently, however, Mr. Robinson submitted the duplicate note and other

6   materials after the quarterly review had already been completed, causing them to be

7   deemed "unsatisfactory." (*Id.*) Mr. Robinson disputes that the materials were submitted

8   late. (*Id.*) Mr. Robinson eventually returned to work and reestablished himself as an

9   "identified casual" worker. (*Id.* at 4.) He has since risen to the rank of "level A-

10  registered longshore worker," but maintains that the delay in his advancement has caused

11  him serious financial harm. (*See id.*) Mr. Robinson brought this suit in January, 2012,

12  twelve years after his initial removal from the "identified casual list." (*See* Compl.)

## III.   ANALYSIS

### A.   Standards

15       Summary judgment is appropriate if the evidence, when viewed in the light most

16  favorable to the non-moving party, demonstrates "that there is no genuine dispute as to

17  any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

18  P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty. of L.A.*,

19  477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing

20  there is no genuine issue of material fact and that he or she is entitled to prevail as a

21  matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets his or her burden,

22  then the non-moving party "must make a showing sufficient to establish a genuine

1   dispute of material fact regarding the existence of the essential elements of his case that

2   he must prove at trial" in order to withstand summary judgment. *Galen*, 477 F.3d at 658.

> 3   [T]he issue of material fact required by Rule 56(c) to be present to entitle a
>     party to proceed to trial is not required to be resolved conclusively in favor
> 4   of the party asserting its existence; rather, all that is required is that
>     sufficient evidence supporting the claimed factual dispute be shown to
> 5   require a jury or judge to resolve the parties' differing versions of the truth
>     at trial.

6   *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968).  The court is

7   "required to view the facts and draw reasonable inferences in the light most favorable to

8   the [non-moving] party." *Scott v. Harris*, 550 U.S. 372, 378 (2007).

9   **B.   Mr. Robinson's Motions for Summary Judgment**

10      Mr. Robinson alleges that his removal from the "identified casual" list was

11  motivated by PMA's desire to "avoid future risk of employer liability and to avoid paying

12  claims from their . . . indemnity fund" and that this behavior rises to the level of

13  intentional "disability discrimination." (*Id.* at 3.)  The Americans with Disabilities Act

14  ("ADA") prohibits an employer from discriminating "against a qualified individual with

15  a disability because of the disability." 42 U.S.C. § 12112(a).  To state a prima facie case

16  under the ADA, Mr. Robinson must show that: (1) he is a disabled person within the

17  meaning of the ADA; (2) he is a qualified individual, meaning he can perform the

18  essential functions of his job; and (3) he suffered an adverse employment action at the

19  hands of PMA because of his disability. *See Sanders v. Arneson Products, Inc.*, 91 F.3d

20  1351, 1353 (9th Cir. 1996).  "Among those employment decisions that can constitute an

21  adverse employment action are termination, dissemination of a negative employment

22

1 | reference, issuance of an undeserved negative performance review and refusal to consider

2 | for promotion." *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000).

3 |         Even assuming, for the purposes of this motion, that Mr. Robinson has plead

4 | sufficient facts to establish the first two elements of his claim, he has not done so in

5 | regards to the third element: PMA's intent.  Mr. Robinson's allegations as to this

6 | element are not supported with sufficient evidence to demonstrate that there is no genuine

7 | dispute as to any material fact and that Mr. Robinson is entitled to judgment as a matter

8 | of law.  (*See generally* Compl.; First Mot.; Second Mot.)

9 |         Mr. Robinson's motions appear to be reiterations of the allegations made in his

10 | complaint as opposed to an orthodox motion for summary judgment.  For example, Mr.

11 | Robinson argues that "with premeditation, the defendant fraudulently conveyed to their

12 | readers' that plaintiff did not have medical documentation covering the fourth quarter of

13 | 1999 while they were withholding the two medical documents providing that coverage."

14 | (Sec. Mot. at 2.)  This assertion is supported by photocopies of the doctor's notes that

15 | seem to be at issue, but no evidence supporting the position that they were ever sent,

16 | received, or withheld.  (*Id.*)  This is typical of Mr. Robinson's submissions.  As another

17 | example, Mr. Robinson argues that "[t]he defense cannot dispute plaintiff's claim that the

18 | defendant ignored plaintiff's original doctor's statement and refused to address or to

19 | acknowledge plaintiff's repeated claim of compliance" with the required procedures.

20 | (Sec. Mot. at 1.)  However, PMA does just that.  (*See* Resp. (Dkt. # 23).)  PMA directly

21 | disputes Mr. Robinson's claim that the documents from his doctor were received on time

22 | and argues that all proper procedures were followed in removing Mr. Robinson from the

1   "identified casual" list of longshoreman. (*Id.* at 4-5.) When viewing the facts in the light

2   most favorable to PMA, and in light of the fact-sensitive nature of this case and the many

3   issues that are still unresolved, the court concludes that summary judgment in favor of

4   Mr. Robinson would be inappropriate at this stage.

5                              **IV.    CONCLUSION**

6        Based on the foregoing, the court DENIES Mr. Robinson's motions for summary

7   judgment (Dkt. ## 19, 20).

8        Dated this 11th day of October, 2012.

9

10                                        JAMES L. ROBART
                                          United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 6