UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHILLIP F. ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC MARITIME ASSOCIATION,<br><br>Defendant. | CASE NO. C11-2177JLR<br><br>ORDER DENYING SUMMARY JUDGMENT |

## I.  INTRODUCTION

Before the court are *pro se* Plaintiff Phillip F. Robinson's two motions (First Mot. (Dkt. #19); Second Mot. (Dkt. # 20)), which the court construes as a single motion for summary judgment against Defendant Pacific Maritime Association ("PMA").[1] Having considered the motion, the parties' submissions filed in support and opposition thereto,

---

[1] Mr. Robinson should take note that CR 7(e)(3) specifically bars the filing of multiple dispositive motions. However, given that Mr. Robinson is *pro se*, the court will liberally construe the two filed motions as a single motion.

ORDER- 1

the applicable law, and being fully advised, the court DENIES the motion. (Dkt. ##19, 20.)

## II. BACKGROUND

This case involves an employment discrimination claim by a longshoreman against his employer. Mr. Robinson, the Plaintiff, alleges that he was discriminated against on the basis of a disability resulting from an on-the-job injury and that, as a result, he was held back in his long-term career advancement to his severe detriment.[2] (*See generally* Compl.)

Mr. Robinson began his career as a longshoreman in 1995. (First Mot. at 5.) He eventually rose to the rank of "identified casual," which gave him priority in selection of jobs and put him on track to become a "level A-registered longshore worker," the most senior rank in the hierarchy. (*Id.*) However, in 1999 Mr. Robinson injured his back and took time off to heal. (*Id.*) Because of his time off from work, Mr. Robinson was required to submit a note from his doctor excusing his absence. (*Id.*) Mr. Robinson alleges that he submitted the required note in October of 1999. (*Id.*) However, on March 16, 2000, Mr. Robinson received notice that he had been removed from the "identified casual" list for failing to provide the note in a timely manner. (*Id.*) The notice provided

---

[2]This action was originally filed on a form intended to be used to allege discrimination under Title VII of the Civil Rights Act of 1964. (*See* Compl. (Dkt. # 1).) However, disability discrimination is not covered under Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C § 2000e-2. Because Mr. Robinson is a *pro se* litigant, the court construes his filing liberally. *See Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe *pro se* pleadings liberally, including *pro se* motions[.]"). Therefore, the court construes his action as a wrongful employment discrimination claim brought under the Americans with Disabilities Act ("ADA"). (*See* Compl.); 42 U.S.C. § 12111.

ORDER- 2

him an opportunity to again submit a doctor's note to cover his absence prior to "the next quarterly review." (*Id.*) The date for the next quarterly review was not provided. (*Id.*) Mr. Robinson then submitted a "duplicate of [the] original doctor's statement, a new doctor's statement and a letter" explaining that the original statement was filed on time. (*Id.*) Apparently, however, Mr. Robinson submitted the duplicate note and other materials after the quarterly review had already been completed, causing them to be deemed "unsatisfactory." (*Id.*) Mr. Robinson disputes that the materials were submitted late. (*Id.*) Mr. Robinson eventually returned to work and reestablished himself as an "identified casual" worker. (*Id.* at 4.) He has since risen to the rank of "level A-registered longshore worker," but maintains that the delay in his advancement has caused him serious financial harm. (*See id.*) Mr. Robinson brought this suit in January, 2012, twelve years after his initial removal from the "identified casual list." (*See* Compl.)

### III. ANALYSIS

**A. Standards**

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets his or her burden, then the non-moving party "must make a showing sufficient to establish a genuine

dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial" in order to withstand summary judgment. *Galen*, 477 F.3d at 658.

> [T]he issue of material fact required by Rule 56(c) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.

*First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968). The court is "required to view the facts and draw reasonable inferences in the light most favorable to the [non-moving] party." *Scott v. Harris*, 550 U.S. 372, 378 (2007).

### B. Mr. Robinson's Motions for Summary Judgment

Mr. Robinson alleges that his removal from the "identified casual" list was motivated by PMA's desire to "avoid future risk of employer liability and to avoid paying claims from their . . . indemnity fund" and that this behavior rises to the level of intentional "disability discrimination." (*Id.* at 3.) The Americans with Disabilities Act ("ADA") prohibits an employer from discriminating "against a qualified individual with a disability because of the disability." 42 U.S.C. § 12112(a). To state a prima facie case under the ADA, Mr. Robinson must show that: (1) he is a disabled person within the meaning of the ADA; (2) he is a qualified individual, meaning he can perform the essential functions of his job; and (3) he suffered an adverse employment action at the hands of PMA because of his disability. *See Sanders v. Arneson Products, Inc.*, 91 F.3d 1351, 1353 (9th Cir. 1996). "Among those employment decisions that can constitute an adverse employment action are termination, dissemination of a negative employment

1 | reference, issuance of an undeserved negative performance review and refusal to consider
2 | for promotion." *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000).
3 |       Even assuming, for the purposes of this motion, that Mr. Robinson has plead
4 | sufficient facts to establish the first two elements of his claim, he has not done so in
5 | regards to the third element: PMA's intent. Mr. Robinson's allegations as to this
6 | element are not supported with sufficient evidence to demonstrate that there is no genuine
7 | dispute as to any material fact and that Mr. Robinson is entitled to judgment as a matter
8 | of law. (*See generally* Compl.; First Mot.; Second Mot.)
9 |       Mr. Robinson's motions appear to be reiterations of the allegations made in his
10 | complaint as opposed to an orthodox motion for summary judgment. For example, Mr.
11 | Robinson argues that "with premeditation, the defendant fraudulently conveyed to their
12 | readers' that plaintiff did not have medical documentation covering the fourth quarter of
13 | 1999 while they were withholding the two medical documents providing that coverage."
14 | (Sec. Mot. at 2.) This assertion is supported by photocopies of the doctor's notes that
15 | seem to be at issue, but no evidence supporting the position that they were ever sent,
16 | received, or withheld. (*Id.*) This is typical of Mr. Robinson's submissions. As another
17 | example, Mr. Robinson argues that "[t]he defense cannot dispute plaintiff's claim that the
18 | defendant ignored plaintiff's original doctor's statement and refused to address or to
19 | acknowledge plaintiff's repeated claim of compliance" with the required procedures.
20 | (Sec. Mot. at 1.) However, PMA does just that. (*See* Resp. (Dkt. # 23).) PMA directly
21 | disputes Mr. Robinson's claim that the documents from his doctor were received on time
22 | and argues that all proper procedures were followed in removing Mr. Robinson from the

"identified casual" list of longshoreman. (*Id.* at 4-5.) When viewing the facts in the light most favorable to PMA, and in light of the fact-sensitive nature of this case and the many issues that are still unresolved, the court concludes that summary judgment in favor of Mr. Robinson would be inappropriate at this stage.

## IV. CONCLUSION

Based on the foregoing, the court DENIES Mr. Robinson's motions for summary judgment (Dkt. ## 19, 20).

Dated this 11th day of October, 2012.

JAMES L. ROBART
United States District Judge