UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHILLIP F. ROBINSON, | CASE NO. C11-2177JLR |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| PACIFIC MARITIME ASSOCIATION, | |
| Defendant. | |

## I.  INTRODUCTION

Before the court is Defendant Pacific Maritime Association's ("PMA") Federal Rule of Civil Procedure 56 motion for summary judgment (Mot. (Dkt. # 28).)  Having considered the motion, the parties' submissions filed in support and opposition thereto, the applicable law, and being fully advised, the court GRANTS the motion.  (*Id.*)

//

//

ORDER- 1

## II.   BACKGROUND

This case involves an employment discrimination claim by a longshoreman against his employer.  Mr. Robinson, the Plaintiff, alleges that he was discriminated against on the basis of a disability resulting from an on-the-job injury and that, as a result, he was held back in his long-term career advancement to his severe detriment.[1]  (*See generally* Compl. (Dkt. # 4).)

Mr. Robinson began his career as a longshoreman at the Port of Seattle in 1995.  (Pltf's SJ Mot. (Dkt. # 19) at 5.)  He eventually rose to the rank of "identified casual," which gave him priority in selecting jobs and put him on track to become a "level A-registered longshore worker," the most senior rank in the hierarchy.[2]  (*Id.*)  However, in 1999 Mr. Robinson injured his back and took time off to heal.  (*Id.*)  Because of his time off from work, Mr. Robinson was required to submit a note from his doctor excusing his absence.  (*Id.*)  Mr. Robinson alleges that he submitted the required note in October,

---

[1]This action was originally filed on a form intended to be used to allege discrimination under Title VII of the Civil Rights Act of 1964. (*See* Compl. (Dkt. # 1).)  However, disability discrimination is not covered under Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C § 2000e-2.  Because Mr. Robinson is a *pro se* litigant, the court construes his filing liberally. *See Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe *pro se* pleadings liberally, including *pro se* motions[.]").  Therefore, the court construes his action as a wrongful employment discrimination claim brought under the Americans with Disabilities Act. (*See* Compl.); 42 U.S.C. § 12111.

[2]There is a hierarchy among longshore workers which controls the ability to work and pick their jobs: an A-registered longshore worker is the most senior and gets dispatched first; a B-registered longshore worker gets the next pick; then come casual workers, who get jobs if there is work left over after the A's and B's have taken jobs. Among Casual workers, there are two types: "Identified Casual" employees and "Unidentified Casuals." If work is left over for the Casuals to divide, Casual laborers on the "Identified" list come first, before "Unidentified Casual" workers. (Decl. of Joseph T. Weber (Dkt. # 29) ¶ 4.)

ORDER- 2

1  1999. (*Id.*)  However, on March 16, 2000, Mr. Robinson received notice that he had been

2  removed from the "identified casual" list for failing to provide the note in a timely

3  manner. (*Id.*)  The notice provided him an opportunity to again submit a doctor's note to

4  cover his absence prior to "the next quarterly review." (*Id.*)  The date for the next

5  quarterly review was not provided. (*Id.*)  Mr. Robinson then submitted a "duplicate of

6  [the] original doctor's statement, a new doctor's statement and a letter" explaining that

7  the original statement was filed on time. (*Id.*)  Apparently, however, Mr. Robinson

8  submitted the duplicate note and other materials after the quarterly review had already

9  been completed, causing them to be deemed "unsatisfactory." (*Id.*)  Mr. Robinson

10  disputes that the materials were submitted late. (*Id.*)  Mr. Robinson eventually returned

11  to work and reestablished himself as an "identified casual" worker. (*Id.* at 4.)  He has

12  since risen to the rank of "level A-registered longshore worker," but maintains that the

13  delay in his advancement has caused him serious financial harm. (*See id.*)  Mr. Robinson

14  brought this suit in January, 2012, twelve years after his initial removal from the

15  "identified casual list." (*See* Compl.)

16  **III.   ANALYSIS**

17  **A.   Standards**

18  Summary judgment is appropriate if the evidence, when viewed in the light most

19  favorable to the non-moving party, demonstrates "that there is no genuine dispute as to

20  any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

21  P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty. of L.A.*,

22  477 F.3d 652, 658 (9th Cir. 2007).  The moving party bears the initial burden of showing

1   there is no genuine issue of material fact and that he or she is entitled to prevail as a

2   matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets his or her burden,

3   then the non-moving party "must make a showing sufficient to establish a genuine

4   dispute of material fact regarding the existence of the essential elements of his case that

5   he must prove at trial" in order to withstand summary judgment. *Galen*, 477 F.3d at 658.

> [T]he issue of material fact required by Rule 56(c) to be present to entitle a
> party to proceed to trial is not required to be resolved conclusively in favor
> of the party asserting its existence; rather, all that is required is that
> sufficient evidence supporting the claimed factual dispute be shown to
> require a jury or judge to resolve the parties' differing versions of the truth
> at trial.

*First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968). The court is

"required to view the facts and draw reasonable inferences in the light most favorable to

the [non-moving] party." *Scott v. Harris*, 550 U.S. 372, 378 (2007).

**B.     PMA's Motion for Summary Judgment**

PMA raises two arguments in support for its motion for summary judgment: that

Mr. Robinson cannot establish a prima facie case of discrimination, and that Mr.

Robinson is time barred from bringing a claim under the Americans with Disabilities Act

("ADA"). (*See* Mot.) The court concludes (1) that Mr. Robinson's claim is time barred

because it has been nearly twelve years since the allegedly discriminatory actions took

place, and (2) that there is no basis for equitable tolling. Therefore, the court will only

address PMA's second argument.

Under the ADA, a charge must be filed within 300 days of the alleged

discriminatory acts, just like a Title VII discrimination claim. 42 U.S.C. § 12117(a),

1 | *incorporating* § 2000e-5(e)(1); *see National Railroad Passenger Corp. v. Morgan*, 536

2 | U.S. 101, 105 (2002) (Title VII case). Timely filing of a charge of discrimination to the

3 | U.S. Equal Employment Opportunity Commission ("EEOC") is a jurisdictional

4 | prerequisite to bringing a claim under the ADA. 42 U.S.C. § 12117(a), *incorporating* §

5 | 2000e-5(e)(1). If the EEOC determines that it will not pursue the charge on behalf of the

6 | alleging party, the EEOC provides the party with a "Right to Sue Letter" stating the

7 | reasons why it will not pursue the charge and giving the party notice that it has 90 days to

8 | file a lawsuit to further pursue relief. (*See, e.g.,* Decl. of Clemens H. Barnes (Dkt. # 31)

9 | Ex. B ("Right to Sue Letter").)

10 |     Mr. Robinson does not give a specific date for when the alleged discrimination

11 | occurred. (*See* Compl.) However, he was removed from the "identified casual" list on

12 | March 9, 2000, and given until June 8, 2000, to provide an excuse. (Pltf's SJ Mot.

13 | Exhibits (Dkt. # 19-1) at 8.) Taking the later date, Mr. Robinson therefore had until

14 | November, 2000 to file a charge with the EEOC. He did not do so but instead waited ten

15 | years to file the charge, until September, 2011. (Decl. of Clemens H. Barnes Ex. A.) The

16 | EEOC refused to pursue Mr. Robinson's allegations, and informed him that his "charge

17 | was not timely filed with the EEOC." (Right to Sue Letter at 1.)

18 |     Mr. Robinson argues that the statute of limitations on his ADA claim should be

19 | tolled. (*See* Resp. (Dkt. # 35).) Equitable tolling focuses on a plaintiff's excusable

20 | ignorance and lack of prejudice to the defendant. *Johnson v. Henderson*, 314 F.3d 409,

21 | 414 (9th Cir. 2002). "If a reasonable plaintiff would not have known of the existence of a

22 | possible claim within the limitations period, then equitable tolling will serve to extend the

ORDER- 5

1  statute of limitations . . . until the plaintiff can gather what information he needs."

2  *Johnson,* 314 F.3d at 414. "The time period for filing a complaint of discrimination

3  begins to run when the facts that would support a charge of discrimination would have

4  been apparent to a similarly situated person with a reasonably prudent regard for his

5  rights." *Boyd v. U.S. Post. Serv.,* 752 F.2d 410, 414 (9th Cir. 1985).

6          Equitable tolling can apply in a variety of cases, none of which are applicable

7  here. This is not a case in which a claimant has received inadequate notice, *see Gates v.*

8  *Georgia–Pacific Corp.,* 492 F.2d 292 (9th Cir. 1974); or where a motion for appointment

9  of counsel is pending and equity would justify tolling the statutory period until the

10  motion is acted upon, *see Harris v. Walgreen's Distrib. Ctr.,* 456 F.2d 588 (6th Cir.

11  1972); or where the court has led the plaintiff to believe that he had done everything

12  required of him, *see Carlile v. South Routt Sch. Dist. RE 3–J,* 652 F.2d 981 (10th Cir.

13  1981). Nor is this a case where affirmative misconduct on the part of a defendant lulled

14  the plaintiff into inaction. *See Villasenor v. Lockheed Aircraft, Corp.,* 640 F.2d 207 (9th

15  Cir. 1981); *Wilkerson v. Siegfried Ins. Agency, Inc.,* 621 F.2d 1042 (10th Cir. 1981);

16  *Leake v. University of Cincinnati,* 605 F.2d 255 (6th Cir. 1979).

17          Mr. Robinson claims that his employers "repeatedly ignored plaintiff's claims of

18  compliance without comment or investigation." (Resp. at 1.) However, Mr. Robinson's

19  own submitted exhibits reflect that he has not been ignored, as he received detailed

20  responses to his requests for reinstatement in 2003, 2004, 2007, and 2008. (Pltf's SJ Mot.

21  Exhibits at 8, 13, 16, 23.) In all of the requests for reinstatement, Mr. Robinson alleged

22  that he was being discriminated against. (*Id.*) Therefore, Mr. Robinson was aware of

ORDER- 6

1    facts that may have indicated the existence of a possible claim.  (*Id.*)  Finally, the EEOC

2    itself recognized that Mr. Robinson's claim was untimely when it issued Mr. Robinson

3    the "Right to Sue Letter" in 2011.  (Right to Sue Letter at 1.)

**IV.    CONCLUSION**

5        Based on the foregoing, the court GRANTS Defendant PMA's motion to dismiss

6    (Dkt. # 28.)  Because it has been almost twelve years since the actions Mr. Robinson

7    complains of took place, and because amending the complaint cannot cure this

8    deficiency, Mr. Robinson's claim is DISMISSED WITH PREJUDICE.  *See Ascon*

9    *Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (district courts can

10    grant leave to amend unless amendment would be futile).

11        Dated this 30th day of November, 2012.

JAMES L. ROBART
United States District Judge